UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                                        Cr. No. 08-20139


D-1 Joseph Eberle,                      Honorable Sean Cox

       Defendant.

_____/

**OPINION & ORDER
REGARDING EXPERT TESTIMONY**

       This matter is currently before the Court on Defendant's: 1) oral motion, made on

November 10, 2008, to preclude the Government's experts from expressing a legal conclusion or

opinion as to the ultimate issue of whether Defendant's conduct amounted to "excessive force"

and 2) written motion in limine seeking to exclude cumulative testimony (Docket Entry No. 74).

       In a pretrial stipulation by the parties, the parties agreed that "Opinion testimony

regarding the reasonableness of the conduct of the defendants may be given by qualified experts

and by eyewitnesses based only on their observations at the time of the event and not on the

videotape." (Docket Entry No. 55).

       Despite that stipulation, during trial,[1] Defense Counsel made an oral motion to preclude

the Government's expert witnesses from expressing a legal conclusion or opinion as to the

---

[1]Although Defense Counsel's Trial Brief made a brief reference to the issue, the Court
notes that this issue could have, and should have, been formally raised by Defense Counsel at an
earlier date in a written motion in limine.

ultimate issue of whether Defendant's conduct amounted to excessive force.  Defendant relies on

*Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994) and *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir.

1992).

The Government responded that its experts may testify as to the ultimate issue of whether

Defendant's conduct was unreasonable or excessive.  The Government relied on *Champion v.*

*Outlook Nashville, Inc.*, 380 F.3d 893 (6th Cir. 2004) and *United States v. Perkins*, 470 F.3d 150

(4th Cir. 2006).  The Government later withdrew its objections to the motion.

*Berry* was a § 1983 case wherein a jury concluded that defendants acted with "deliberate

indifference."  On appeal, the Sixth Circuit concluded that certain expert testimony had been

received in violation of the Federal Rules of Evidence.  The court explained that "[a]lthough an

expert's opinion may 'embrace[] an ultimate issue to be decided by the trier of fact[,] Fed.R.Evid.

704(a), the issue embraced must be a factual one."  The court used the following example:

> The expert can testify, if a proper foundation is laid, that the discipline in the
> Detroit Police Department was lax.  He also could testify regarding what he
> believed to be the consequences of lax discipline.  He may not testify, however,
> that the lax discipline policies of the Detroit Police Department indicated that the
> City was deliberately indifferent to the welfare of its citizens.

*Id.* at 1353.

The Court further explained that "[w]hen the rules speak of an expert's testimony

embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to

the ultimate issue or that give the jury all the information from which it can draw inferences as to

the ultimate issue.  We would not allow a fingerprint expert in a criminal case to opine that a

defendant was guilty (a legal conclusion), even though we would allow him to opine that the

defendant's fingerprint was the only one on the murder weapon (a fact).  The distinction, although

subtle, is nonetheless important." *Id.*

Although unpublished, the Court also finds *DeMerrell v. City of Cheboygan*, 206

Fed.Appx. 418 (6th Cir. 2006), a case involving alleged unreasonable use of lethal force,

instructive. In that case, the court found that the district court properly ignored expert testimony

that merely expressed a legal conclusion and cited *Berry*. The court explained:

> In the instant case, Plaintiff-Appellant's expert testified as to a legal conclusion
> because he stated that "it was objectively unreasonable for Officer White to shoot
> Mr. DeMerrell." (JA 430). As stated previously, objective reasonableness is the
> precise legal standard of *Graham* to be used in the qualified immunity inquiry of
> Saucier . . . This testimony also expresses a legal conclusion, going beyond
> "stating opinions that suggest the answer to the ultimate issue." *Berry*, 25 F.3d at
> 1353. Still other conclusions by Plaintiff-Appellant's expert were improper legal
> conclusions, namely that the "use of deadly force by [OfficerWhite] was improper
> and unnecessary." See *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir.
> 1992)(precluding expert testimony in a § 1983 excessive force case that an
> officer's conduct was not "justified under the circumstances," not "warranted
> under the circumstances," and "totally improper.").

*Id.* at 426-27.

Following *DeMerrell,* another district court facing this issue precluded an expert from

testifying that the force used by an officer was "unreasonable," but allowed the expert to testify as

to proper procedures to be followed in the situation the officer faced. *Norman v. City of Lorain*,

Ohio, 2006 WL 5249725 (N.D. Ohio 2006).

This Court concludes that, under *Berry* and *DeMerrell,* the experts in this case should be

precluded from expressing a legal conclusion or opinion as to the ultimate issue of whether

Defendant's conduct amounted to "excessive force." The Court finds that this conclusion is

consistent with, and supported by, *Perkins* and *Champion,* cases relied on by the Government.

In *Perkins,* the Defendant was charged with violating 18 U.S.C. § 242. Although the

Fourth Circuit affirmed the admission of expert testimony on the issue of the reasonableness of

force, it noted that fine distinctions must be made with respect to such testimony. The experts in

*Perkins* testified that they saw "no reason" for the defendant's use of force. The court noted that

it presented "a very close question," but concluded that **"the Government's questions were**

**phrased in such a manner as to avoid the baseline legal conclusion of reasonableness."** *Id*. at

159. (emphasis added). It explained:

> **The [experts'] responses that they personally saw no reason for [Defendant's]**
> **kicks provided the jury with concrete examples against which to consider the**
> **more abstract question of whether an "objectively reasonable officer" would**
> **have employed the same force. The Government's questions were not**
> **couched in terms of objectiveness reasonableness; instead, they honed in on**
> **Officer House's and Inspector Burnett's personal assessments of**
> **[Defendant's] use of force. We recognize this distinction is a fine one**. When
> the common and legal meanings of a term are not easily unfurled from each other,
> however, as is certainly the case with "reasonable," it is difficult for us to conclude
> that testimony was unhelpful to the jury unless the testimony actually framed the
> term in its traditional legal context. In this case, then, Rule 704 justifies
> differentiating between the officers' testimony that they saw no "law enforcement"
> or "legitimate" reason for [Defendant's] kicks and testimony that [Defendant's]
> actions were "objectively unreasonable." To be sure, this distinction must be
> measured in inches, not feet. Nevertheless, we cannot hold that the officers'
> testimony was necessarily unhelpful, nor can we say that it merely told the jury
> what verdict to reach or "supplant[ed] [the] jury's independent exercise of
> common sense."

*Id.* at 159-60. (emphasis added).

Similarly, in *Champion,* the Sixth Circuit approved of allowing expert testimony on

specific issues:

> Unlike the expert in *Berry*, Albert testified about much more specific issues: the
> continuum of force employed by officers generally, the specific training that
> Officers received, and Albert's Opinion that it the witnesses' testimony is credited,
> the Officers' actions violated nationally recognized police standards governing excessive force.

*Id*. at 908. [2]

Based upon this Court's reading of *Berry, DeMerrell, Perkins*, and *Champion*, the Court concludes that the expert witnesses in this action (i.e., expert witnesses presented by either party) shall be precluded from expressing a legal conclusion or opinion as to the ultimate issue of whether Defendant's conduct amounted to "excessive force." Nevertheless, consistent with these authorities, the expert witnesses may offer testimony as to specific issues, including: 1) the continuum of force employed by officers generally; 2) the specific training that officers receive; 3) whether Defendant's conduct violated specific police standards or practices; and 4) opinions as to whether specific actions taken by Defendant were warranted under the circumstances presented.

In addition, the Court shall deny "Defendant's Motion in Limine to Exclude Cumulative Testimony." Defendant has not established that the testimony of Lawrence Jackson is irrelevant, duplicative or cumulative.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2008, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager

---

[2]This Court does not read *Champion* as endorsing the view that an expert should be allowed to express a legal conclusion or opinion as to the ultimate issue of whether a defendant's conduct amounted to "excessive force"